UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEWART ENTERPRISES, INC., ET AL.**             **CIVIL ACTION**

**VERSUS**                                         **No. 07-4514**

**RSUI INDEMNITY COMPANY, INC.**                   **SECTION I/1**

## ORDER AND REASONS

Before the Court is a motion to lift stay filed on behalf of plaintiffs.[1] Defendant, RSUI Indemnity Company, Inc. ("RSUI"), opposes the motion. For the following reasons the motion is **DENIED**.

### *BACKGROUND*

Plaintiffs own various cemeteries, funeral homes, and other commercial properties throughout the New Orleans metropolitan area. Plaintiffs' properties were damaged during Hurricane Katrina. On August 27, 2007, plaintiffs initiated this lawsuit seeking damages pursuant to a second excess layer insurance policy issued by RSUI.

On June 15, 2009, this Court issued an order denying the parties' cross motions for summary judgment.[2] Subsequently, the Court granted plaintiffs' request for an interlocutory appeal and stayed the case pending appeal.[3] Appeals by both parties[4] are currently pending before the United States Court of Appeals for the Fifth Circuit. One of the issues under consideration on appeal is the proper interpretation of the anti-concurrent causation clause ("ACC clause") adopted by the RSUI insurance policy.

---

[1] R. Doc. No. 279.
[2] R. Doc. No. 269.
[3] R. Doc. No. 271.
[4] RSUI also appealed the Court's June 15, 2009 order.

1

Plaintiffs now move to lift the stay for the purpose of filing a motion for partial summary judgment. In their proposed motion, plaintiffs argue that defendant has waived any coverage defense provided by the ACC clause by failing to plead the defense in its answer.[5] At issue, is whether this Court has jurisdiction to entertain the partial motion for summary judgment.

## *LAW AND ANALYSIS*

A "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Thus, when one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. Coastal Corp. v. Texas Eastern Corp., 869 F.2d 817, 820-21 (5th Cir.1989). A district court does not have the power to "alter the status of the case as it rests before the Court of Appeals." Id.

Plaintiffs argue that this Court can exercise jurisdiction over their proposed motion because the issue of waiver is not presently before the appellate court.[6] As defendant correctly notes, however, even assuming that the issue of waiver is not under consideration, this Court cannot alter the status of a case before the appellate court.[7] Plaintiffs concede that if their motion is granted, defendant's appeal will be moot.[8] Such a decision would qualify as altering the status of a case. See e.g., Dayton Independent School District v. U.S. Mineral Products Co., 906, F.2d 1059 (5th Cir. 1990).

---

[5] R. Doc. No. 279, p. 2.
[6] R. Doc. No. 295, p. 2.
[7] R. Doc. No. 292, p. 3.
[8] R. Doc. No. 279, p. 3.

2

In <u>Dayton</u>, the district court dismissed the first amended complaint for failure to state a claim. Plaintiffs were granted an interlocutory appeal. While that appeal was pending, the district court granted leave to file a second amended complaint that rendered the original appeal moot. The Fifth Circuit ruled that the appeal was not moot because the district court did not have jurisdiction to allow the second amended complaint because such an action would affect the status of the appeal. <u>Id.</u> at 1063-1064. Plaintiffs point to no authority that would allow this Court to moot an issue currently on appeal. Accordingly,

**IT IS ORDERED** that the motion to lift the stay is **DENIED.**

New Orleans, Louisiana, November 3, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**